Felix Antonio COLON, Plaintiff–Appellant,

v.

DREW, Warden of F.C.I. RayBrook, Defendant–Appellee,

Kathleen H. Sawyer, Harland Smith, Unit Counselor, Juliette Hurley, Unit Case Manager, Copeland, Unit Manager, C. Chester, Assistant Warden of Operations, Asst. Warden Sherrod, Michael K. Nalley, Harley G. Lappin, Director, Copenhaver, Assistant Warden, Mr. Fink, Officer Baldwin, Michael Ray, Defendants.

No. 08–0033–pr.

United States Court of Appeals, Second Circuit.

June 5, 2009.

Jamie Gottlieb, Gary Studen (Jon Romberg, of counsel), Seton Hall University School of Law, Center for Social Justice, Newark, New Jersey,[1] for Plaintiff–Appellant.

Paula Ryan Conan, Assistant United States Attorney, for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, New York, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge and Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

*SUMMARY ORDER*

Felix Colon appeals from a December 17, 2007 judgment of the United States District Court for the Northern District of New York (Kahn, *J.* ). Colon alleges that he was exposed to dangerous levels of environmental tobacco smoke ("ETS") during his incarceration at FCI Ray Brook ("Ray Brook"), which caused him to suffer serious medical harm. Colon challenges the district court's grant of summary judgment in favor of Appellee Warden Drew on qualified immunity grounds.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* the district court's decision to grant summary judgment on the basis of qualified immunity. *See Warren v. Keane,* 196 F.3d 330, 332 (2d Cir. 1999). To prevail on his Eighth Amendment claim alleging "serious medical problems caused by exposure to ETS," *Helling v. McKinney,* 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), Colon must "prove both the subjective and objective elements necessary to prove an Eighth Amendment violation," *id.* at 35, 113 S.Ct. 2475.

As to *Helling*'s objective element, a plaintiff must show that he has suffered serious problems as a result of exposure to "unreasonably high levels of ETS." *Id.*; *see also Chance v. Armstrong,* 143 F.3d 698, 702–03 (2d Cir.1998) (noting factors to be considered in determining whether a serious medical condition exists). As to *Helling*'s subjective "deliberate indifference" element, Colon must establish that

1. Ms. Gottlieb and Mr. Studen appear pursuant to Second Circuit Local Rule 46(e) (appearance and argument by eligible law students).

2. By order dated June 30, 2008, a panel of this Court dismissed Colon's appeal of his claims as to all defendants except Drew on the ground that the appeal lacked an arguable basis in law or fact. Our review is limited to Colon's appeal of his Eighth Amendment claim against Drew.

Drew "kn[e]w[ ] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

On June 5, 2007, the district court adopted the Report and Recommendation by Magistrate Judge David E. Peebles dated May 31, 2007. Magistrate Judge Peebles recommended that the court deny Drew summary judgment because of genuine issues of material fact regarding whether Colon suffered "harm associated with exposure to ETS."

Magistrate Judge Peebles concluded that Colon satisfied the objective requirement of *Helling* because he alleged that he acquired asthma and suffered asthma symptoms, chest pain, eye irritation, breathing difficulties, fatigue, and dizziness, after being exposed to ETS at Ray Brook. Judge Peebles observed that Colon's asthma and other medical injuries were well documented in his prison medical records and that he passed out in a prison Sallyport because of respiratory problems. This evidence, viewed along with Colon's allegation of being housed in poorly ventilated areas with inmates, many of whom smoked one or more packs of cigarettes a day, is sufficient to establish *Helling*'s objective requirement. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir.2002) (finding objective prong satisfied where inmate "was surrounded by seven inmates who were chain smokers or frequent smokers"); *Warren*, 196 F.3d at 333 (denying qualified immunity where prisoner's cell mate smoked five packs of cigarettes a day).

Magistrate Judge Peebles concluded that Colon satisfied *Helling*'s subjective requirement with evidence that he had complained repeatedly to prison staff—including to Drew at least twice—about his health problems and the flouting of Ray Brook's smoking policies, and that prison officials did nothing to protect him from ETS. We agree that Colon has raised genuine issues of material fact with respect to the subjective requirement of *Helling*.

Drew argues that, notwithstanding Colon's evidence, Drew is entitled to qualified immunity because: (1) he conducted an investigation of Colon's complaints about ETS and believed that the complaints were unfounded, and (2) he reasonably implemented the Bureau of Prison's smoking policy on a gradual basis so as to balance the needs of smoking and nonsmoking inmates and account for the security risk of a zero-tolerance smoking policy.

The district court accepted Drew's arguments and granted the motion for reconsideration of the order denying qualified immunity. In reaching this result, the district court concluded that Drew was entitled to qualified immunity because any factual disputes went to a difference of opinion over what constitutes adequate enforcement of Ray Brook's smoking policy, and because prison officials are owed deference in their administration of prison policies.

The right to be free from deliberate indifference to serious medical injury caused by excessive exposure to ETS is clearly established. *See Warren*, 196 F.3d at 333 ("[A]fter *Helling*, it was clearly established that prison officials could violate the Eighth Amendment through deliberate indifference to an inmate's exposure to levels of ETS that posed an unreasonable risk of future harm to the inmate's health."); *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir.1998) (observing that right to be free from deliberate indifference was established in Supreme Court's decision *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

As to Drew's argument that he sufficiently investigated and responded to Colon's grievances, it is a question of fact whether Drew took sufficient action to protect Colon. Colon has presented sufficient evidence to defeat summary judgment on this issue.

Drew's argument that valid institutional concerns justified gradual enforcement of the prison's smoking policies does not respond to Colon's argument that it was unreasonable for Drew to take no action to prevent the serious harm Colon suffered. Drew has not shown that Colon's sensitivity to ETS could not have been accommodated without jeopardizing security in the prison. Thus, while the district court properly "consider[ed] arguments regarding the realities of prison administration," *Helling,* 509 U.S. at 37, 113 S.Ct. 2475; *see also Trammell v. Keane,* 338 F.3d 155, 163 (2d Cir.2003) ("[T]he deliberate indifference standard must be applied in a way that accounts for ... competing institutional concerns."), it erred in granting qualified immunity in light of the numerous factual issues remaining for adjudication.

For the foregoing reasons, we conclude that the district court correctly denied Drew's motion for summary judgment and that it erred in granting his motion for reconsideration. Accordingly, the judgment of the district court is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.